CULLUM MOTOR CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21625.   Promulgated April 4, 1929.

*Geo. S. Atkinson, Esq., H. V. Robertson, C. P. A.,* and *Luke B. Garvin, C. P. A.,* for the petitioner.
*L. A. Luce, Esq.,* for the respondent.

## OPINION.

Milliken : Counsel for petitioner claims the deduction of the debts here in question as debts ascertained to be worthless and charged off within the taxable year and not a deduction of a reasonable addition to a reserve for bad debts. The evidence introduced, on the one hand, consists of book entries which were made by the petitioner for the year in question evidencing a charge-off and, on the other hand, of a copy of a revenue agent's report. It is clear that the mere charge-off appearing on the books is not sufficient in and of itself to show the ascertainment of the worthlessness of the debts which are sought to be charged off. The report of the revenue agent was received in evidence for the restricted purposes as shown below:

Mr. Atkinson : If the Board please, I want to introduce in evidence the revenue agent's report, dated May 4, 1927, covering the examination of this taxpayer's records for the period in controversy, together with a letter of transmittal, dated June 14, 1927, of the revenue agent in charge to the taxpayer.

Mr. Luce : Your Honor, I have no objection to the introduction of this revenue agent's report for the purpose of showing what the revenue agent did, but I will object to the introduction of this report for the purpose of showing that any of these debts were worthless.

Mr. Atkinson : If the Board please, in this report it is stated that the debts involved in this case were worthless, by the revenue agent. I want to offer this for the purpose of showing what the revenue agent did, and also for the

conclusion that he reached after an examination of this taxpayer's books and an investigation of his tax liability.

The MEMBER: An objection will be sustained to the conclusions which the revenue agent has drawn in his report. It will be accepted, if you so desire, for the purpose of showing what the revenue agent did, or that it is the report of the revenue agent.

Mr. ATKINSON: Very well, your Honor. We should like to file it for that purpose.

The MEMBER: It will be received as Petitioner's Exhibit No. 5.

It is thus evident that the revenue agent's report was not received in proof of the ascertainment of the worthlessness of the debts in question, and in the argument of this case, after counsel for petitioner stated no claim was made that the deduction be allowed as a reserve for bad debts, but as a specific deduction for bad debts ascertained to be worthless and charged off, and the member hearing the case interrogated counsel for the petitioner as to the evidence supporting the ascertainment of the worthlessness of the debts as follows:

The Member: That gets down to the question, then, of the weight that is to be given to the revenue agent's report. In other words, if that report cannot be taken as proof of the fact that they were ascertained to be worthless, either in whole or in part, then there is no evidence upon which I could base a finding that they were worthless in whole or in part; is not that true?

Mr. Atkinson: That is true.

It was incumbent upon the petitioner to establish by competent evidence the worthlessness of the debts and the time and manner of the ascertainment.

Substantially the same question was considered in *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566, where we said:

The burden then is upon the petitioner to establish that it did make certain during the taxable year that the debts claimed as deductions were without value. We take it for granted that when Congress authorizes this Board to decide the issues arising between a taxpayer and the Commissioner in such a case as this, such taxpayer has not established the correctness of his contention by his bald statement that he believes it to be worthless, or that he ascertained it to be worthless or that, on undisclosed information he came to the conclusion that it was worthless. To so hold would be to put the Government in the hands of the taxpayer and substitute his judgment as to the conclusion to be drawn from the facts for that of the body created to decide the issue.

Nor is it a question whether the taxpayer believed the debt to be worthless. To so hold would be to grant an undue advantage to the pessimist or to the taxpayer who makes no investigation. In our opinion the burden upon the petitioner is to show what steps he took to collect the debt, what information came to his knowledge and what other circumstances existed which led him to his conclusion. It then becomes the duty of the Board to determine whether the debt was in fact ascertained to be worthless within the meaning of the law.

Petitioner in this case has not shown that it ascertained the alleged bad debts to be worthless in the taxable year.

*Judgment for the respondent.*